Debbie S. USHER, Plaintiff,

v.

WATERS INSURANCE & REALTY CO., INC., a North Carolina Corporation, Southland Investors, Inc., a North Carolina Corporation; Allie B. Burnette, Individually and as Magistrate of the District Court of Mecklenburg County, North Carolina; Robert M. Blackburn, Individually and as Clerk of Superior Court of Mecklenburg County, North Carolina; and Donald W. Stahl, Individually and as Sheriff of Mecklenburg County, North Carolina, Defendants.

No. C-C-76-277.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Oct. 14, 1977.

Donald S. Gillespie, Jr., Legal Aid Society of Mecklenburg County, Charlotte, N.C., for plaintiff.

Philip D. Lambeth and Henry A. Harkey, Harkey, Faggart, Coira & Fletcher, Charlotte, N.C., Rebecca R. Bevacqua and Acie L. Ward, Associate Attys. Gen., Raleigh, N.C., for defendants.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

About September 1, 1976, Debbie Usher, plaintiff, and her two children, rented and moved into an apartment on West Craighead Road in Charlotte, under a monthly rental agreement between plaintiff on the one hand and the defendant Southland Investors, the owner, and the defendant Waters Insurance & Realty Co., Inc., the manager and rental agent of the complex in which her apartment is located. On or about the 5th day of September, 1976, plaintiff had a gathering in her apartment which was attended by one or more black people.

On September 7, 1976, less than a week after plaintiff had moved in, the defendant agent mailed plaintiff a notice to vacate the apartment by noon on September 14, 1976.

Plaintiff says that she was ordered out of the apartment because she had entertained black people and that she is entitled to defend against her eviction because that is an improper ground for eviction. Defendants say that she was told to leave because she had a loud party which disturbed other tenants.

Plaintiff did not leave the apartment.

On September 17, 1976, the agent Waters filed a summary ejectment action to have plaintiff removed from the apartment.

Plaintiff's rent was not in arrears; the ejectment action was based solely on the September 7, 1976 notice.

On October 4, 1976, the case was heard without a jury by Magistrate Burnette, who promptly entered a judgment of summary ejectment ordering plaintiff removed from the property.

On October 6, 1976, Waters obtained from the Clerk of Court a writ of possession commanding the Sheriff to remove the plaintiff from her apartment and put Waters in possession.

Also on October 6, 1976, plaintiff gave notice of appeal from the judgment of the Magistrate to the District Court of Mecklenburg County, in which she is entitled to trial by jury. This appeal—but not a stay of execution pending appeal—is a matter of right under N.C.G.S. §§ 7A–228 and 229.

Plaintiff tried to obtain a stay of eviction pending appeal by tendering one months rent ($155.00) as her undertaking on appeal and tendering an affidavit of her inability to pay three months' rent in advance, which is the amount required by the special eviction statute to stay evictions. The Clerk rejected her tender as insufficient and refused to stop the eviction.

Unable to stop eviction by state processes, Ms. Usher, on October 7, 1976, filed suit in this court and obtained an order temporarily restraining her eviction. After a hearing on October 12, 1976, this court found that eviction from their home threatened Ms. Usher and her children with grave, immediate, and irreparable harm, and entered a preliminary injunction restraining plaintiff's eviction (so long as she keeps her rent payments current) until the serious constitutional questions posed by her suit could be heard and determined.

From plaintiff's affidavit, the court finds that plaintiff is able to pay her rent only as it becomes due and that she cannot pay nor give an undertaking of three months' rent. From affidavits of two bonding agents, the court finds that bonds to stay eviction are not normally issued and would be issued only if the tenant-appellant gave collateral sufficient to cover the full amount of the bond. The evidence shows that plaintiff is unable to pay three months' rent nor to raise collateral to secure a three months' rent bond. If evicted, plaintiff would have no choice but to search for a new apartment.

Ms. Usher is thus in a real predicament. She is not in arrears on her rent; she has a potentially valid defense to the eviction; she is entitled as of right to appeal the

Magistrate's order to the District Court; she has given notice of appeal; but she is unable to remain in possession pending appeal because she cannot put up the bond which is required by North Carolina's statutes and regulations.

The North Carolina rules and statutes place special burdens on tenants seeking to appeal summary ejectment orders which are heavier than and not required of appellants in other classes of cases.

In cases *other than summary ejectment,* a defendant who appeals from a judgment is entitled to a bond to stay execution, the bond being commensurate with the particular interest of the appellee to be protected:

(a) N.C.G.S. § 7A–227, in every case tried to a magistrate except summary ejectment, permits a stay of execution upon an undertaking with one or more sureties, by the appellant "to the effect that if judgment be rendered against appellant the sureties will pay the amount thereof with costs awarded against the appellant."

(b) N.C.G.S. § 1–292, in all cases involving real property, except summary ejectment, allows the appellant to execute a bond, with one or more sureties, "to the effect that . . . he will not commit, or suffer to be committed, any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession . . . not exceeding a sum to be fixed by a judge of the [trial] court."

(c) N.C.G.S. § 1–289 provides for stay of executions on money judgments when the appellant submits an undertaking, with one or more sureties, to "pay the amount directed to be paid by the judgment . . . and all damages which shall be awarded against the appellant upon the appeal."

(d) Rule 62(c), N.C.G.S. § 1A–1, provides that in cases where injunctive relief has been requested, "the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

The above statutes of general application allow appellants to obtain stays of execution by posting appeal bonds which have *some rational relation to the losses which the appellee might sustain* if the appellant is unsuccessful on appeal.

By contrast, tenants wishing to remain in possession pending appeal of summary ejectment orders are subject to several stringent special requirements which do not apply to appellants in any other classes of cases. Those requirements are set out or expressed in the following rules and statutes:

"Rule 62. Stay of proceedings to enforce a judgment.

"(a) *Automatic stay; exceptions—injunctions, summary ejectment and receiverships.*—Except in summary ejectment cases and as otherwise stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of section (c) govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal."

"§ 42–34. Undertaking on appeal; when to be increased.—. . . (b) No execution commanding the removal of a defendant from possession of the rented premises shall be suspended until the defendant gives an undertaking in an amount not less than three month's (sic) rent of the premises, with sufficient surety or sureties to be approved by the magistrate, to be void if the defendant pays any judgment which the plaintiff may recover for rent, and for damages for the detention of the land. At any session of

the district court of the county in which the appeal is docketed after the lapse of three months from the date of the filing of the undertaking required in this subsection, the tenant, after legal notice has been duly served on him, may be required to show cause why the undertaking should not be increased to an amount sufficient to cover rents and damages for such period as the court may deem proper, and if the tenant fails to show proper cause and does not file an increased undertaking for rents and damages as the court may direct, or make affidavit that he is unable to do so, his appeal shall be dismissed and the judgment of the magistrate shall be affirmed."

"§ 42–32. Damages assessed to trial.— On appeal to the district court, the jury trying issues joined shall assess the damages of the plaintiff for the detention of his possession to the time of the trial in that court; and, if the jury finds that the detention was wrongful and that the appeal was without merit and taken for the purpose of delay, the plaintiff, in addition to any other damages allowed, shall be entitled to double the amount of rent in arrears, or which may have accrued, to the time of trial in the district court. Judgment for the rent in arrears and for the damages assessed may, on motion, be rendered against the sureties to the appeal."

The landlord may require that a summary ejectment case be assigned to a magistrate simply by writing "Small Claim" on the face of the complaint, N.C.G.S. §§ 7A–211–213. That was done here.

There are no jury trials in magistrate's court, N.C.G.S. § 7A–222.

The tenant who cannot put up the three months' rent bond and other required assurances is thus effectively denied jury trial by being thus denied access to the District Court, where, under N.C.G.S. §§ 7A–228 and 230, trial by jury in other types of cases is normally available.

The effect of these rules and statutes is that an appellant in a summary ejectment case, unlike the appellant in any other case:

(a) Has neither the automatic ten-day delay between judgment and execution which obtain after money judgments nor the discretionary delay which can be sought in equity cases. Rule 62(a).

(b) Must give bond of at least three months' rent, which may be increased as the court may later find appropriate, N.C. G.S. § 42–34(b).

(c) Is subject to a penalty of double the amount of back rent if a jury finds that the detention was wrongful and that the appeal was without merit and taken for purpose of delay. N.C.G.S. § 42–32. No other losing class of appellants runs the risk of a double damage penalty for prosecuting a losing appeal.

The composite practical effect of the North Carolina statutes and rules is to deny the right of trial by jury and to deny any effective appeal from an order of summary ejectment.

■ Taken together, the North Carolina statutes and rules deny access to jury trial and place an unconstitutionally discriminatory burden upon less-than-affluent tenant-appellants in summary ejectment cases, in violation of the equal protection clause of the United States Constitution. *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1971).

The bond requirement does not serve any legitimate state interest because:

(a) A rigid three-month rent bond is not related to any particular damage award, which may vary from one month to twelve months' rent or more, and is unnecessary in view of the requirement of § 7A–227 that tenant-appellants post bond to secure any money judgment against them.

(b) A rigid three-month rent bond is not related to the time a case spends on appeal, even though a landlord's risk of waste and unpaid rent may be in proportion to that time. District court dockets vary from season to season and county to county but the three-month rent bond does not.

(c) One can infer from the provision for additional bond after three months have passed on appeal that the statute presumes a month's risk to equal a month's rent. Yet there is no reason to believe tenant appeals will generally last three months, particularly in view of the procedure in § 42–34(a) for expediting summary ejectment appeals.

(d) The bond was reduced in 1971 from *twelve* months' rent to three months' rent without any change in the expedited appeal mechanism or any other alteration that could have so dramatically reduced the expected time for appeal.

(e) Though poorer tenants need not pay additional bond after three months on appeal and so may coast at the landlords' risk for an unlimited time after three months have passed, nevertheless the same distressed tenants must post a three-month rent bond to stay eviction no matter their poverty.

If it is accepted that the legislature considered a month's rent as a sufficient security to protect the landlord for each month required for the appeal, the obvious and accurate means to supply that protection throughout the appeal is to require that rent be paid a month at a time in advance or that the appeal be dismissed. To require three months' rent to stay execution in advance of an appeal which might last an indefinite time is irrational and is unnecessary to accomplish any reasonable state purpose.

The bond requirement is discriminatory; such a bond is not required of appellants in any other case; other appellants are allowed a bond flexible and attuned to what the court finds to be the appellee's justifiable interest in protection. The fact that rent is involved does not justify the discrimination; losers in disputes over titles to land are allowed to remain in possession of land under the customary bond arrangements pending appeal even though the interest of the winning party—preventing loss of use and risk of waste to real estate—is identical. Discriminating between parties with such identical interests is arbitrary. Like-

wise arbitrary is the denial to tenants in summary ejectment of the automatic ten-day stay on execution which Rule 62(a) allows to other appellants. Defendants have offered no justification for this discrimination.

N.C.G.S. § 42–32 subjects a losing tenant in ejectment to a penalty of double the amount of back rent if the jury finds that the retention of possession is wrongful, "and that the appeal was without merit and taken for purpose of delay." The state defendants say that this double rent penalty is justified for the purpose of screening out "frivolous" appeals. That assertion may or may not be correct. The fact is that historically this penalty and the other sanctions of the North Carolina statutes and rules have the effect of blocking almost all appeals, meritorious and otherwise, by poor tenants while not deterring frivolous appeals by those who can afford the cost. Screening frivolous appeals is not a purpose reasonably related to the double rent penalty.

The combined effect of the three-month rent bond, the double rent penalty and the entitlement of the landlord to immediate execution on a judgment of summary ejectment is to make appeals difficult for all tenants and impossible for indigent tenants and to deprive indigent tenants of the right of trial by jury. These statutes and Rule 62(a) in effect extinguish the rights of indigent tenants to any meaningful appeal.

Since there are no jury trials in magistrates' courts, these obstacles to effective appeal to the District Court effectively deprive the indigent tenant of access to jury trial without justification or rationale adequate to survive a constitutional test.

*Lindsey v. Normet*, 405 U.S. 56, 95 S.Ct. 862, 31 L.Ed.2d 36 (1971), held unconstitutional an Oregon statute similar in principle to the North Carolina statutes under attack. The Oregon statute (Oregon Revised Statutes § 105.160) read as follows:

"105.160. Additional undertaking on appeal. If judgment is rendered against the defendant for the restitution of the real property described in the complaint,

or any part thereof, no appeal shall be taken by the defendant from the judgment until he gives, in addition to the undertaking now required by law upon appeal, an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff if the judgment is affirmed on appeal of twice the rental value of the real property of which restitution is adjudged from the commencement of the action in which the judgment was rendered until final judgment in the action."

The Oregon requirement preventing appeal except upon a posting of secured bond of "twice the rental value of the real property . . . from the commencement of the action in which the judgment was rendered until the final judgment in the action," was held unconstitutional. The grounds were that the requirement violated the equal protection clause by arbitrarily discriminating against *tenants* wishing to appeal, that it heavily burdened the statutory right of appeal, and that it was not necessary to effectuate the state's purpose of preserving the property in question.

The composite effect of the North Carolina statutes under attack is of even less constitutional merit than the Oregon procedure held unlawful in *Lindsey v. Normet.*

Defendants contend that this court should refrain from deciding the constitutional rights of plaintiff and rely upon *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and cases of similar import.

Those cases do not apply to this situation.

■ A vital premise of abstention is that the constitutional right be capable of adjudication in the ongoing state court proceedings; the abstention cases contemplate that there be a state proceeding in which the claimed right can be vindicated.

No such state remedy is available here.

■ Debbie Usher's suit is necessary because *the state statutes themselves* prevent the possibility for her of a state remedy in a forum where she can be heard.

The statutes under attack effectively prevent the state proceedings from continuing.

The state court proceedings were for all practical purposes ended by the time this federal suit was filed.

In addition, no important state interest is involved in this wholly private dispute between Usher and Waters Realty Company.

Unlike the situation in *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), plaintiff had no "opportunity to fairly pursue their claim in the ongoing state proceedings." She had a hearing before a magistrate not required to be trained in law. The assistant clerk of court denied her request for a stay pending appeal because without the three months' rent bond in issue *no* North Carolina court had authority to stay her eviction. Rule 23 of the North Carolina Rules of Appellate Procedure *appears* to allow appellate courts to stay execution in the absence of required bond, but Rule 1 limits the scope of those rules to appeals from the *trial* division (District Courts and Superior Courts) to the appellate division (the Court of Appeals and the Supreme Court). Likewise, Rule 62(f) of the North Carolina Rules of Civil Procedure excepts appellate courts but not trial courts from the operation of Rule 62(a) (the automatic ten-day stay of execution). No judge in North Carolina had the authority to give the plaintiff, who was still in magistrate's court, relief from the knock of the Sheriff at her door until she put up three months' rent.

*Lindsey v. Normet* itself was decided in the face of a motion for abstention. 405 U.S. 56, 62, 95 S.Ct. 862, 31 L.Ed.2d 36 (1971).

This case should be decided on its merits now.

## CONCLUSION

■ N.C.G.S. §§ 42–34(b), 42–32, and 1A–1, Rule 62(a) are unconstitutional *in* that they (a) arbitrarily, irrationally and unequally burden and foreclose the right of tenants in summary ejectment to trial by

jury and to a meaningful appeal and preclude such tenants from fairly pursuing their constitutional rights in the state courts of North Carolina, and (b) violate the Equal Protection Clause of the Fourteenth Amendment because of the discrimination they create between tenant-appellants on the one hand and civil appellants generally on the other hand.

North Carolina General Statutes § 42–32, insofar as it allows additional damages of double rent, and North Carolina General Statutes § 42–34(b) insofar as it requires an undertaking in an amount not less than three months' rent, and North Carolina General Statutes § 1A–1, Rule 62(a) insofar as it excepts summary ejectment cases from an automatic ten-day stay of execution of judgment, are unconstitutional and unenforceable.

Plaintiff will submit an appropriate judgment.